**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Civ. No. 22-798 LF/GJF

4.0897 ACRES OF LAND, MORE OR
LESS, SITUATED IN MCKINLEY
COUNTY, STATE OF NEW MEXICO;
MASCI FAMILY LIMITED
PARTNERSHIP, *et al*.,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. Plaintiff initiated this action on October 25, 2022. ECF 1. Between December 1, 2022, and September 8, 2023, Plaintiff filed executed Waivers of Service for Venus Anne Masci, Spartin Investments, LLC, Charles Long, John David Masci, Mary Masci Revocable Trust, Venus Anne Masci, and the Masci Family Limited Partnership. *See* ECFs 7–8, 11, 13, 16–17, 19. In addition, on August 17, 2023, Plaintiff filed a Certificate of Completion of Service by Publication, indicating that service of process pursuant to Federal Rule of Civil Procedure 71.1(d)(3)(B)(ii) was complete as to Mary Masci Family Limited Partnership, Venus Ann Masci, and Unknown Parties. ECF 18. The docket reflects no further activity has occurred in this case after September 8, 2023.

Well over ninety days have passed since Plaintiff served the individuals and entities mentioned above and, although none of these individuals or entities have answered or filed claims in this case, Plaintiff has taken no steps to prosecute this action, whether by seeking default or otherwise.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1 (stating that "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward"). The Court is also authorized to impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for failing to prosecute. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005); *see also Sweeney v. Anderson*, 129 F.2d 756, 758 (10th Cir. 1942) ("The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination."). Consequently, as set forth below, the Court will order Plaintiff to show good cause in writing why the Complaint in Condemnation should not be dismissed.

**IT IS THEREFORE ORDERED** that, in order to avoid dismissal of this action, Plaintiff must provide the Court with a written explanation showing good cause why this case should not be dismissed for failure to prosecute, on or before **February 23, 2024**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE