IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 1:22-CV-00798-KG-GJF |
| v. | ) |
| | ) |
| 4.0897 ACRES OF LAND, MORE OR | ) |
| LESS, SITUATE IN MCKINLEY | ) |
| COUNTY, STATE OF NEW MEXICO; | ) |
| MASCI FAMILY LIMITED | ) |
| PARTNERSHIP, *et al.* | ) PARCEL NOS. NGP-16 (FEE), NGP-16A (P) |
| | ) NGP-16B (P), NGP-16C (P), NGP-16A (T), |
| Defendants. | ) NGP-16B (T), AND NGP-16C (T) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Before the Court is the United States' Unopposed Motion for Determination of Title and Just Compensation ("Motion"). The Court, having considered the Motion and having held a hearing on just compensation pursuant to Fed. R. Civ. P. 71.1(h), makes the following findings of fact and conclusions of law:

**I. Findings of Fact**

1. This is an eminent domain action brought pursuant to 40 U.S.C. §§ 3113 and 3114 to acquire property interests in approximately 4.0897 acres of land in McKinley County, New Mexico (the "Property"), as defined in the Declaration of Taking. ECF Nos. 2-3, 2-4, 2-5.

2. The Property was condemned in support of the United States Department of Interior Bureau of Reclamation's Navajo Gallup Water Supply Project. ECF No. 2-2. Once completed, this important project will provide a reliable municipal, industrial, and domestic water supply from the San Juan River to the eastern section of the Navajo Nation, southwestern portion of the Jicarilla Apache Nation, and the City of Gallup, New Mexico. *Id.*

**A. The Condemned Property**

3. The Property consists of approximately 0.9837 acres condemned in fee simple; approximately 1.78 acres in perpetual easements to use the Property for the construction,

1

reconstruction, and operation and maintenance of an underground main water transmission pipeline and appurtenant structures; and approximately 1.326 acres in temporary easements to use the Property for construction purposes during construction of a water storage tank yard, access road, and underground main water transmission pipeline and appurtenant structures. ECF Nos. 2-3, 2-5. All these interests were condemned subject to easements of record for public utilities and certain rights reserved to other parties, not named to this case, in a deed recorded in 1950. ECF No. 2-5. The perpetual and temporary easements were also condemned subject to existing recorded easements for public roads and highways. *Id.* Schedule E of the Declaration of Taking specifies certain rights that are included in the condemned easements, and it reserves to the landowners the right to prevent public access to the temporary easement areas. *Id.*

4. The Property was taken from parts of two parcels of land. ECF No. 2-4.

5. According to a warranty deed dated January 26, 2005, and recorded on January 28, 2005, at deed book 24, page 631 in the Official Public Records of McKinley County, New Mexico, ECF No. 28-2, defendant Mary Masci Family Limited Partnership owns Parcel One. As discussed below, the deed to Parcel One contains an error, and defendant Masci Family Limited Partnership is the true and correct owner of Parcel One.

6. As evidenced by a warranty deed dated December 31, 1999, and recorded on October 25, 2000, at deed book 15, page 8894 in the Official Public Records of McKinley County, New Mexico, ECF No. 28-3, defendant Masci Family Limited Partnership owns Parcel Two.

**B. Ownership of the Condemned Property**

   **1. The Masci Family Limited Partnership and Its Partners**

7. As of November 1, 2022 (the "Date of Taking"), the Masci Family Limited Partnership had three partners: The Mary Masci Revocable Trust ("Trust"), the John David

Masci Revocable Trust, and Venus Anne Masci. ECF No. 19-1 at ¶¶ 3-4. All three partners are defendants in this case.[1]

8. The Trust is the sole general partner and a limited partner of the Masci Family Limited Partnership. *Id.*

9. John David Masci and Venus Anne Masci are the co-trustees and the only beneficiaries of the Trust. ECF No. 19-3 at Art. III; ECF No. 28-6. John and Venus Masci are both defendants in their roles as co-trustees of the Trust.

10. The John David Masci Revocable Trust is a limited partner of the Masci Family Limited Partnership. ECF No. 19-1 at ¶¶ 3–4. John Masci is the trustee of the John David Masci Revocable Trust, and he is a defendant in that capacity.

11. Venus Masci[2] is a limited partner of the Masci Family Limited Partnership. ECF No. 19-1 at ¶¶ 3–4. Venus Masci is a defendant in this case.

**2. Defendant Venus Anne Masci's Name was Misspelled in Several Relevant Documents**

12. Venus Masci's middle name, Anne, was misspelled as Ann on several relevant documents in this case.

13. The Restated Revocable Trust Agreement dated June 6, 2000 ("Trust Agreement") that created the Trust lists Venus "Ann" Masci as Mary Masci's only daughter, successor co-trustee, and a beneficiary. ECF No. 19-3.

14. The Limited Partnership Agreement that created the Masci Family Limited Partnership names Venus "Ann" Masci as a limited partner. ECF No. 19-1.

15. Defendant Venus Anne Masci submitted a declaration explaining that these documents contain typographical errors that omit the letter "e" from her middle name—they

---

[1] John David Masci and Venus Anne Masci are siblings and the only surviving descendants of Mary Masci. *See* ECF No. 28 at 4. Mary Masci died in 2015. ECF No. 19-2 at ¶ 2.
[2] Venus Masci refers to defendant Venus Anne Masci and not Venus Ann Masci, who was named separately. As explained below, Venus Ann Masci never answered or otherwise appeared and does not exist.

3

refer to Venus "Ann" Masci when they should say Venus "Anne" Masci. ECF No. 28-5 at ¶¶ 6–10, 12. Venus Anne Masci attached a copy of her birth certificate to corroborate the correct spelling of her full name. *Id.* at Attach. A.

16. The United States named both Venus Anne Masci and Venus "Ann" Masci as defendants in this case. ECF No. 2-7.

17. Venus Anne Masci executed a waiver of service. ECF No. 7.

18. The United States served Venus Ann Masci by publication. ECF No. 18.

19. No one answered, filed an appearance, or otherwise contacted the United States or the Court on behalf of Venus Ann Masci.

20. Venus Ann Masci did not appear at the just compensation hearing in this case.

21. For these reasons, the Court finds that Venus Anne Masci is the true and correct limited partner in the Masci Family Limited Partnership, the true and correct co-trustee and beneficiary to the Trust, and the true and correct person entitled to part of the compensation in this case.

### 3. The Mary Masci Family Limited Partnership Does Not Exist

22. According to the recorded deed, Mary Masci, as an individual, granted Parcel One to the Mary Masci Family Limited Partnership. ECF No. 28-2.

23. Mary Masci is deceased. ECF No. 19-2.

24. There is no evidence that any entity named the Mary Masci Family Limited Partnership was ever formed.

25. At the time the deed to Parcel One was executed, a limited partnership was not formed until a certificate of limited partnership was filed with the office of the New Mexico Secretary of State. N.M. Stat. Ann. § 54-2-9 (2005) (current version at N.M. Stat. Ann. § 54-2A-201 (2007)). There are no certificates of partnership filed with McKinley County. By contrast, the Masci Family Limited Partnership filed a certificate of partnership and ten amended certificates of partnership with McKinley County. ECF No. 28-4.

26. Venus Masci submitted a declaration stating that she believes the deed to Parcel One intended to name the Masci Family Limited Partnership as the grantee to that deed based, in part, on conversations she had with Mary Masci. ECF No. 28-5 at ¶ 15.

27. The United States served the Mary Masci Family Limited Partnership by publication. ECF No. 18.

28. No one answered, filed an appearance, or otherwise contacted the United States or the Court on behalf of Mary Masci Family Limited Partnership.

29. Mary Masci Family Limited Partnership did not appear at the just compensation hearing in this case.

30. For these reasons, the Court finds that the Mary Masci Family Limited Partnership does not exist, that the deed to Parcel One contains an error when it listed the Mary Masci Family Partnership as the grantee, and that Mary Masci intended to convey Parcel One to the Masci Family Limited Partnership in the warranty deed dated January 26, 2005, and recorded on January 28, 2005, at deed book 24, page 631 in the Official Public Records of McKinley County, New Mexico (ECF No. 28-2).

31. The Court finds that the Masci Family Limited Partnership is the true and correct owner of Parcel One.

**C. Condemnation Proceedings**

32. The United States filed a Complaint and Declaration of Taking on October 25, 2022. ECF Nos. 1 and 2.

33. The United States identified the following parties as having or claiming an interest in the Property: The Masci Family Limited Partnership; the Mary Masci Family Limited Partnership; the Trust (through John David Masci and Venus Anne Masci as successor co-trustees of the Trust); John David Masci as trustee for the John David Masci Revocable Trust; Venus Anne Masci (as an individual); Venus Ann Masci; Spartin Investments, LLC d/b/a United Development Corp. ("Spartin"); Charles Long, McKinley County Treasurer ("McKinley County"); and Unknown Parties. ECF No. 2-7.

34. The United States deposited its good faith estimate of just compensation, $17,500.00, on November 1, 2022. ECF No. 28-1.

35. Defendants Masci Family Limited Partnership, the Trust, John Masci, Venus Masci, Spartin, and McKinley County waived service. ECF Nos. 7, 8, 11, 13, 16, 17, 19.

36. Defendants Mary Masci Family Limited Partnership, Venus Ann Masci, and Unknown Parties were served by publication under Rule 71.1(d)(3)(B). ECF Nos. 10, 18.

37. Service of process on all defendants is complete.

38. Spartin and McKinley County have disclaimed their interests in this case. ECF Nos. 9 and 12.

39. No defendant answered or filed a notice of appearance in this case.

40. The United States, the Masci Family Limited Partnership, the Trust, Venus Masci, and John Masci executed a Stipulation reflecting the parties' agreement that just compensation for the Property is $17,500.00. ECF No. 28-7.

41. The Stipulation also reflects the agreement of defendants Masci Family Limited Partnership, the Trust, Venus Masci, and John Masci (collectively, the "Property Owners") that Venus Masci and John Masci will share the just compensation equally. *Id.* at p. 1 and ¶¶ 31–32.

42. The United States filed the Motion and asked the Court to set a hearing pursuant to Rule 71.1(h) to determine title and just compensation. ECF No. 28.

43. The Court held the requested hearing. Scott Stemetzki attended as counsel for the United States. No one appeared on behalf of any defendant.

## II. Conclusions of Law

Based upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. Condemnation is an action *in rem* against the taken property itself. *E.g.*, *United States v. Petty Motor Co.*, 327 U.S. 372, 376 (1946) (citing *A. W. Duckett & Co., Inc. v. United*

*States*, 266 U.S. 149, 151 (1924) and *United States v. Dunnington*, 146 U.S. 338, 350–54 (1892)).

3. The United States brought this case under the Declaration of Taking Act ("DT Act"), 40 U.S.C. § 3114 *et seq.*, and Federal Rule of Civil Procedure 71.1.

4. Under 40 U.S.C. § 3114(b), title to the Property transferred to the United States on November 1, 2022, the Date of Taking, upon the filing of the Declaration of Taking and the deposit of estimated just compensation.

5. On the Date of Taking, the United States acquired the Property, as described in Schedule C and shown in Schedule D of the Declaration of Taking, and the estate described in Schedule E of the Declaration of Taking. ECF No. 2-3, 2-4, and 2-5.

6. Under the DT Act, just compensation in this case "shall be determined and awarded in the proceeding and established by judgment." 40 U.S.C. § 3114(c)(1).

7. During the hearing on just compensation, "a defendant – whether or not it has previously appeared or answered – may present evidence on the amount of compensation to be paid and may share in the award." Fed. R. Civ. P. 71.1(e)(3).

8. Compensation is due to any person who owned an interest in the condemned property at the time of the taking. *See Danforth v. United States*, 308 U.S. 271, 284 (1939).

9. In condemnation cases, the Court determines all issues, including just compensation where no party has demanded a jury trial. Rule 71.1(h)(1); *United States v. Reynolds*, 397 U.S. 14, 18–19 (1970).

10. No party has filed an answer in this case or otherwise demanded a jury. Thus, the Court determines the proper parties and should enter judgment on just compensation.

    A. **Determination of Title**

11. The Court determines who held title to the property prior to the taking and are therefore entitled to share in the award of just compensation. *E.g., United States v. 88.28 Acres of Land, More or Less, Situated in Porter Cnty., State of Ind.*, 608 F.2d 708, 714–15 (7th Cir. 1979); *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950).

12. The United States takes no advocacy position on title matters; instead, it may aid the Court on title and distribution matters as *amicus curiae*. Fed. R. Civ. P. 71.1 advisory committee's note to 1951 amendments, Supp. Report ("[T]he distribution of the award is a matter in which the United States has no legal interest. . . . United States attorneys are expected to aid the court in such matters as *amici curiae*."); *see also, e.g.*, *United States v. 0.56 Acres of Land*, 2024 WL 1716587, at *3 (S.D. Cal. Apr. 22, 2024) (same); *Washington Metro. Area Transit Auth. v. One Parcel of Land in Prince George's Cnty.*, 197 F. Supp. 2d 339, 342 (D. Md. 2002) ("Although Plaintiff has no advocacy position as to Defendants' claims to title, [Plaintiff] stands in the role of amicus curiae and may properly advise the Court on such matters.").

13. Based on the evidence submitted to the Court, the Masci Family Limited Partnership owned the Property on the Date of Taking.

14. Venus Masci, as an individual limited partner and as a co-trustee and beneficiary of the Trust, and John Masci, as the trustee of limited partner John David Masci Revocable Trust and as a co-trustee and beneficiary of the Trust, own, control, and are entitled to share equally in the proceeds of the Masci Family Limited Partnership. *See* ECF No. 28 at 8 (explaining Masci Family Limited Partnership ownership structure and allocation).

15. Based on their ownership of the Masci Family Limited Partnership and the agreement of all the Property Owners, Venus Masci and John Masci are entitled to share the just compensation awarded in this case equally.

16. Defendants Spartin and McKinley County have disclaimed any interest they may have had in the Property and are hereby dismissed from the case.

17. Neither the Mary Masci Family Limited Partnership nor Venus Ann Masci exist. Therefore, neither person is entitled to any compensation in this case.

18. No other persons appeared at the Hearing to assert a right to compensation for the taking of the Property.

19. The evidence submitted to the Court demonstrates that only the Masci Family Limited Partnership has a compensable interest in the Property.

20. The evidence further shows that Venus Masci and John Masci, as the individuals controlling all ownership interests in the Masci Family Limited Partnership, are entitled to share in and determine the distribution of the amount awarded to the Masci Family Limited Partnership as just compensation for the Property.

21. Venus Masci and John Masci have agreed to share that amount equally. Therefore, just compensation, along with any interest accrued since deposit of the United States' estimate of just compensation, shall be allocated entirely to Venus Anne Masci and John David Masci as full and just compensation for the Property.

### B. Just Compensation

22. United States must provide just compensation to the parties who held interests in the Property as of the date it condemned the Property. U.S. Const., amend. V; *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9–10 (1984).

23. Such compensation is reduced to a judgment in condemnation proceedings. 40 U.S.C. §3114(c)(1).

24. The property owner bears the burden of proving the value of the condemned land. *Wilson v. United States*, 350 F.2d 901, 908 n.10 (10th Cir. 1965) (citing *United States ex rel. TVA v. Powelson,* 319 U.S. 266, 274 (1943)).

25. Just compensation may be determined by an agreement between the condemnor and the landowner. *Albrecht v. United States*, 329 U.S. 599, 603 (1947); *see also United States v. Two Acres of Land, More or Less, in Will Cnty., Ill.*, 144 F.2d 207, 208–209 (7th Cir. 1944) ("The issue in a condemnation suit is what constitutes just compensation to the owner for the interest taken and, where the owner has stipulated with the Government, the agreed figure becomes the measure of damages to be assessed as just compensation for the land taken.").

26. Based on the agreement between the United States and the Property Owners, the sum of $17,500.00, together with any interest earned thereon while on deposit, shall be full and just compensation for the taking of the Property through the institution and prosecution of this

action and full satisfaction of any and all claims of any nature against the United States, whether administrative or judicial, related to the Property.

27. If any person other than the Property Owners is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the Property taken in this case, defendants Venus Masci and John Masci shall be jointly and severally liable to refund into the Court registry the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of receipt of the award by Venus Masci and John Masci to the date of repayment into the Court registry.

28. The United States shall be held harmless from the claims of any other party claiming an interest in all, or part, of the $17,500.00 that constitutes just compensation for the Subject Property and will be paid to defendants Venus Masci and John Masci in this action. The United States shall be held harmless from the claims of any and all parties having liens or encumbrances on or before November 1, 2022, and any other parties who may be entitled to any portion of the just compensation to be paid by virtue of any recorded or unrecorded easement.

29. Defendants Venus Masci and John Masci shall pay and discharge in full all taxes, assessments, liens, and encumbrances against the property, if any exist, as of November 1, 2022.

30. The parties shall be responsible for their own legal fees, costs, and expenses (including attorneys' fees, consultants' fees, experts' fees, transcript costs, and any other expenses relating to this litigation).

31. The United States has already deposited the full amount of just compensation, $17,500.00, into the Court's registry. It need not make any further deposits in this case.

32. Upon entry of final judgment, the Clerk of the Court is directed to immediately distribute the funds on deposit in the Court's registry, together with any interest earned thereon while on deposit, in equal amounts to Venus Anne Masci and John David Masci.

33. The parties shall take no appeal from the entry of judgment in accord with the Stipulation.

34. A separate Order and Final Judgment will follow.

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE